## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| EMILY GERSHEN, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:19-cv-01174-CMH-IDD |
| vs. | |
| CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE, N.A., AND CAPITAL ONE BANK (USA), | |
| Defendants. | |

## DEFENDANTS' UNOPPOSED MOTION TO STAY OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

Defendants Capital One Financial Corporation, Capital One, N.A., and Capital One Bank (USA) (collectively, "Capital One") request that the Court stay all proceedings and deadlines in this action pending resolution of the motions for transfer and consolidation under 28 U.S.C. § 1407 that are currently pending before the Judicial Panel on Multidistrict Litigation ("JPML").  The JPML will hear oral argument on the Section 1407 motions on September 26, 2019, and Capital One anticipates an order regarding transfer and consolidation of this case and other related cases to be issued shortly thereafter.  **Plaintiff has advised Capital One that Plaintiff agrees to the requested stay.**

This case is one of over 55 putative class actions filed in connection with the cyber incident that Capital One announced on July 29, 2019.  Plaintiff filed the Complaint in this case on September 11, 2019.  Capital One has not yet been served with the Complaint but has been in contact with Plaintiff's counsel and expects to execute a service waiver shortly.

On July 31, 2019, plaintiffs in a related case pending in the Western District of Washington, *Fadullon v. Capital One Financial Corporation, et al.*, Case No. 2:19-cv-01189 (W.D. Wash., filed July 30, 2019), filed a motion for consolidation and transfer under 28 U.S.C. § 1407 with the JPML in *In re Capital One Consumer Data Breach Litigation*, MDL No. 2915 (J.P.M.L. July 31, 2019) ("*In re Capital One*").  *See In re Capital One*, Dkt. No. 1.  That motion seeks to have related actions consolidated with the *Fadullon* case and transferred to the Western District of Washington for pretrial proceedings.  Subsequently, plaintiffs in other related cases have filed briefs in the *In re Capital One* matter that support transfer and consolidation but seek other transferee courts, including the Eastern District of Virginia, Alexandria Division (*id.* at Dkt. Nos. 5 and 7) and the District of the District of Columbia (*id.* at Dkt. No. 8).  Numerous notices of related actions have also been filed in *In re Capital One*, and additional related cases continue to be filed and are in the process of being noticed to the JPML as potential tag-along actions.

Given that over 55 actions, all related to the same underlying event and asserting the same or substantially similar factual allegations, have been filed, the JPML is highly likely to grant the motions for transfer and consolidation.  If it does, to promote judicial economy and conserve the parties' resources, this case will be consolidated with the other actions for centralized pretrial proceedings in a single transferee court.  Under these circumstances, "[c]ourts frequently grant stays while awaiting a JPML decision about the inclusion of a pending case into an MDL . . . ." *Commonwealth of Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14CV706, 2015 WL 222312, at *3 (E.D. Va. Jan. 14, 2015); *see also Clinton v. Gov't Employees Ins. Co.*, No. 2:16CV430, 2016 WL 9308421, at *1 (E.D. Va. Nov. 23, 2016) ("[C]ourts frequently grant stays in cases when an MDL decision is pending.") (internal quotation marks omitted); *Fisher v. United States*, No. CIV.A. 3:13-MC-08, 2013 WL 6074076, at *4 (E.D. Va. Nov. 18, 2013)

(same); *Robinson v. DePuy Orthopaedics, Inc.*, No. 3:12-CV-00003, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012) ("Staying this action pending the MDL Panel's decision . . . will serve the interests of judicial economy and efficiency and will avoid the needless duplication of work and the possibility of inconsistent rulings."); *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 373 (S.D.N.Y. 2013) (collecting cases and noting that "other federal courts have found that efficiency would be served in staying [similar suits] . . . pending JPML transfer"); *Bonefant v. R.J. Reynolds Tobacco Co.*, No. 07-60301-CIV, 2007 WL 2409980, at * 1 (S.D. Fla. July 31, 2007) ("[I]t is common practice for courts to stay an action pending a transfer decision by the JPML."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting stay pending JPML's ruling because "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel").

Capital One further notes that it has filed, or will file, a motion to stay in each of the related actions until the JPML rules on the Section 1407 motions for consolidation and transfer.  As of the time of filing, over forty of Capital One's motions to stay have been granted in other related cases, including over a dozen motions granted by this Court.  *See, e.g.*, *Anthony v. Capital One Fin. Corp.*, No. 3:19-cv-608 (E.D. Va. Aug. 20, 2019), Dkt. No. 10 (granting Capital One's motion to stay pending JPML decision); *Dames v. Capital One Fin. Corp.*, No. 3:19-cv-607 (E.D. Va. Aug. 20, 2019), Dkt. No. 15 (same); *Cox v. Capital One Fin. Corp.*, No. 1:19-cv-1042 (E.D. Va. Aug. 20, 2019), Dkt. No. 6 (same); *Busby v. Capital One Fin. Corp.*, No. 1:19-cv-1062 (E.D. Va. Aug. 16, 2019), Dkt. No. 11 (same); *Heath v. Capital One Fin. Corp.*, No. 3:19-cv-555-JAG (E.D. Va. Aug. 16, 2019), Dkt. No. 14 (granting opposed motion to stay and staying eight additional related cases pending decision from the JPML); *Hilker v. Capital One Fin. Corp.*, No. 1:19-cv-995-RDA-

JFA (E.D. Va. Aug. 16, 2019), Dkt. No. 15 (staying related case pending decision from the JPML); *Aminov v. Capital One Fin. Corp.*, No. 1:19-cv-1006 (E.D. Va. Aug. 16, 2019), Dkt. No. 9 (same); *see also*, *Hun v. Capital One Fin. Corp.*, No. 1:19-cv-4436 (E.D.N.Y. Aug. 20, 2019) (minute entry granting Capital One's motion to stay); *Tsirigos v. Capital One Bank (USA), N.A.*, Case No. 1:19-cv-04507-BMC (E.D.N.Y. Aug. 26, 2019) Dkt. No. 8; *Howitt v. Capital One Fin. Corp.*, No. 1:19-cv-07161-JGK-JLC (S.D.N.Y. Sep. 3, 2019), Dkt. No. 12 (granting Capital One's motion to stay pending JPML decision); *Bowen et al. v. Capital One Financial Corporation et al.*, No. 1:19-cv-07917-JGK-JLC, (S.D.N.Y. Sep. 4, 2019), Dkt. No. 11 (same); *Berger v. Capital One Fin. Corp.*, No. 1:19-cv-2298 (D.D.C. Aug. 22, 2019) (minute entry granting motion to stay pending JPML's decision regarding transfer); *Lipskar v. Capital One Fin. Corp.*, No. 1:19-cv-2328 (D.D.C. Aug. 22, 2019) (same); *Tadrous v. Capital One Fin. Corp.*, No. 1:19-cv-2292 (D.D.C. Aug. 22, 2019) (same); *Francis v. Capital One Fin. Corp.*, No. 8:19-cv-1898 (M.D. Fla. Aug. 21, 2019), Dkt. No. 11 (granting Capital One's motion and staying case until the JPML resolves the pending motion to consolidate and transfer).

Here, too, a short stay of proceedings until the JPML resolves the pending Section 1407 motions will promote judicial economy and sound judicial administration, avoid duplicative pretrial proceedings and potentially inconsistent pretrial rulings, and prevent prejudice to all parties.  Moreover, both Plaintiff and Capital One agree to a stay.

*       *       *

Capital One respectfully requests that this Court stay all proceedings in this matter until the JPML rules on the transfer of this case.  In the alternative, should the Court decline to stay these proceedings, in order to afford Capital One adequate time to prepare an answer or response to the Complaint, Capital One requests that the Court extend its deadline to answer or respond to

the Complaint to 45 days from an order denying the motion to stay.  Capital One's deadline to

respond to the Complaint has not been extended previously.  A proposed order is attached for the

Court's consideration as Exhibit A

      Respectfully submitted, this 16th day of September, 2019.

/s/ Mary C. Zinsner
Mary C. Zinsner (VSB No. 31397)
TROUTMAN SANDERS LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004
Telephone:  202.274.1932
Facsimile:  202.274.2994

*Counsel for Capital One Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Mary C. Zinsner
Mary C. Zinsner (VSB No. 31397)
TROUTMAN SANDERS LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004
Telephone:  202.274.1932
Facsimile:  202.274.2994

*Counsel for Capital One Defendants*